STATE of Tennessee, Appellee,

v.

Jack WIMBERLY, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

April 1, 1982.

Permission to Appeal Denied by Supreme Court June 7, 1982.

Walker Gwinn, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Nashville, Rhona J. Cartwright, Asst. Atty. Gen., Nashville, James J. Challen, III, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellant, Jack Wimberly, appeals of right his three convictions by a jury with judgment thereon for committing the offense of murder in the second degree, T.C.A. § 39–2403, using a firearm in the commission of that offense, T.C.A. § 39–4914, and carrying a pistol, T.C.A. § 39–4901. His ten-year sentence for second degree murder was enhanced five years for his use of a pistol while committing the felony. He was fined $50 for carrying the pistol.

The issues: (1) the evidence is insufficient; (2) the enhanced punishment of using a firearm in the commission of a felony is unconstitutional and violates the double jeopardy clause of both constitutions; and (3) the performance of trial counsel was ineffective (*pro se* motion).

We will discuss the evidence as found from our reading of this record.

The appellant and the decedent, Clinton Watson, had been friends for some years

prior to this homicide. On September 5, 1980, the decedent, Watson, was employed as the resident manager for the Raleigh Brooks Manor apartment complex located in Memphis. In that capacity, he had obtained a job for his friend, the appellant, as maintenance man in the complex. Appellant lived with his wife and family in Holly Springs, Mississippi, but often stayed with decedent, Wilson, in order to avoid the expense of commuting to Memphis. On September 3, 1980, for some reason not disclosed at trial, the appellant was fired from his job. The following Friday the 5th around 8:00 p.m. employees and visitors in the complex observed the appellant coming down a walk towards the clubhouse. The State witnesses noticed that he was carrying a long-barrelled pistol and that he was drunk; they sought sanctuary in the building. Stating that the appellant was his friend and would not do anything, Watson stepped outside by himself in order to talk with the appellant. He locked the door behind him. During their exchange of words appellant fired four shots from the pistol. One of the shots struck Watson in the heart and killed him.

The appellant left the scene and was apprehended a short while later at a 7–11 store. A bystander at the store heard the appellant tell his wife over the telephone that he had just shot his best friend.

The pistol, when recovered, had four spent shells and two live ones in its chambers. The gun was a single-action revolver; before firing each shot it was necessary to cock the hammer by hand.

The appellant testified he had been drinking since noon on that date and had returned to Watson's apartment after cashing his last paycheck. Around 6:00 p. m. Watson subsequently came into the apartment, showered, changed clothes and left. When appellant was unable to sleep, he decided to check and make sure his car was locked. When he could not find his car, he assumed it was stolen. He went back to his apartment, armed himself, and looked for Watson to help him find who had stolen his automobile.

Appellant testified further that when he approached the clubhouse Watson came out but would not offer to help look for the car. With the intent to locate others to help him, appellant pulled on the handle of the locked door but lost his grip and fired a shot into the door as he stumbled backwards. Appellant claimed that Watson then made a threat about cutting him and advanced with his hand in his pocket. Fearful that Watson had a knife, appellant started shooting to scare him off. When Watson collapsed, appellant drove to the 7–11 store in order to call for help over the telephone.

Appellant further testified that he was drunk as well as scared when he shot his friend. He offered proof of his good character through witnesses.

Summed up, his theory was one of self-defense and accidental homicide with no intent.

 The jury, by its verdict, has discredited the self-defense, accident and no intent theories of the appellant. It has accordingly endorsed the theory of the State, i.e., the appellant, in an intoxicated condition, shot down the unarmed Watson. It is not our prerogative to reevaluate this evidence. State v. Grace, 493 S.W.2d 474 (Tenn.1973). The use of a deadly weapon supplies the main ingredient, malice, to the consummation of murder in the second degree. Armes v. State, 540 S.W.2d 279, 283 (Tenn.Cr.App.1976). The evidence overwhelmingly is sufficient to convince a rational trier of fact of the guilt of appellant beyond a reasonable doubt. T.R.A.P. 13(e). The evidence issue is overruled.

 The second issue: The appellant contends that T.C.A. § 39–4914 has been repealed by T.C.A. §§ 39–4921 and 4923. This argument has been rejected by this court in an unpublished opinion styled State v. Hicks, released at Jackson November 5, 1981. The enhancement of his punishment for using a firearm in the commission of this felony, while not offending any double jeopardy provisions of the constitutions, was not alleged in the motion for new trial and thus is waived. State v. Branam, 604

S.W.2d 892, 895 (Tenn.Cr.App.1980). This issue is overruled.

 Finally, the appellant filed a *pro se* motion which was treated as an amendment to his motion for new trial by the trial court. In that *pro se* petition he made many allegations as to the ineffectiveness of the Assistant Public Defender assigned to his case. He contends that he was denied his Sixth Amendment right to the effective assistance of counsel. The trial court had a full hearing on this *pro se* motion. The investigator for the Public Defender's Office, trial counsel, and the appellant testified at that hearing. The evidence reflects that the efforts expended by trial counsel could be used as a model for attorneys defending a client accused of a crime. An unbiased reading of the efforts made by trial counsel shows that he has exceeded the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975). The trial court explored each allegation of appellant and found them to be without any basis. We are in full accord. The evidence supports the trial court's findings that appellant was afforded effective counsel. This issue is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.